O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA QUEZADA,<br>                    Plaintiff, | ) Case No. SA CV 12-2145-OP<br>) |
| v. | )<br>) MEMORANDUM OPINION AND<br>) ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security, | )<br>) |
|                     Defendant. | )<br>) |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

_____

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 7, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. (ECF No. 6.)

1

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") provided clear and convincing reasons for rejecting Plaintiff's testimony.  (JS at 4.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

## DISCUSSION

### A.    The ALJ's Findings.

The ALJ found that Plaintiff has the severe impairments of knee pain, back pain, and obesity.  (AR at 26.)

The ALJ concluded that Plaintiff has the residual functional capacity

1  ("RFC") to perform the full range of sedentary work.  (Id. at 27.)

2  Relying on the testimony of the vocational expert ("VE"), the ALJ

3  determined Plaintiff was unable to perform her past relevant work.  (Id. at 31.)

4  Based on the Grids, the ALJ concluded that Plaintiff is not disabled.  (Id. at 31-

5  32.)

6  **B.    The ALJ Properly Evaluated Plaintiff's Credibility.**

7  **1.    Legal Standard.**

8  An ALJ's assessment of pain severity and claimant credibility is entitled

9  to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989);

10  Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's

11  disbelief of a claimant's testimony is a critical factor in a decision to deny

12  benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan,

13  903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635

14  (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990)

15  (an implicit finding that claimant was not credible is insufficient).

16  Once a claimant has presented medical evidence of an underlying

17  impairment which could reasonably be expected to cause the symptoms alleged,

18  the ALJ may only discredit the claimant's testimony regarding subjective pain

19  by providing specific, clear, and convincing reasons for doing so.  Lingenfelter

20  v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility

21  finding must be properly supported by the record and sufficiently specific to

22  ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's

23  subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.

24  1991).

25  To determine whether a claimant's testimony regarding the severity of

26  her symptoms is credible, the ALJ may consider, *inter alia*, the following

27  evidence:  (1) ordinary techniques of credibility evaluation, such as the

28  claimant's reputation for lying, prior inconsistent statements concerning the

3

symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002); <u>see also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996).

**2.** **Analysis.**

Plaintiff complained of pain in her elbows, knees, heels, and lower back. (AR at 67-68.)  She stated that she cannot perform a job involving long periods of sitting because of the pain in her lower back. (<u>Id.</u> at 68.)  She also stated that standing for long periods causes burning sensations in her thighs, which results in her legs giving out under her. (<u>Id.</u> at 67-68.)  Plaintiff reported that the pain in her left knee is constant and that medications only relieve it a little. (<u>Id.</u> at 150.)  She stated that she can only walk half a block, stand for five to ten minutes at a time, sit for twenty minutes at a time, and perform other activities for ten to fifteen minutes at a time. (<u>Id.</u> at 152.)  She reported that as a result of her pain, she can no longer bathe herself, wash dishes, clean, shop, or take her grandchildren to the park. (<u>Id.</u> at 68-69, 151.)  Plaintiff testified that although she uses a cane to walk, she has fallen many times as a result of her left knee buckling, with the most recent fall occurring three weeks before the hearing. (<u>Id.</u> at 70.)

With respect to Plaintiff's credibility, the ALJ stated the following:

The claimant has not alleged any side effects of medications. She reported she was prescribed Ibuprofen 800mg and Diclofenac Sodium for her knee pain.  However, in her pain questionnaire, she disclosed the medications did not cause any side effects and they relieved her pain a little.  Furthermore, despite her complaints of constant knee pain, she reported there was no surgery scheduled in an

attempt to relieve the pain.

There is evidence the claimant stopped working for reasons not related to the allegedly disabling impairments. She testified she stopped working in August of 2007 for in-home services because her mother, the person whom she was caring for, passed away. Moreover, she testified that she stopped working at McDonalds because she was fired. The claimant acknowledged she tried to look for work afterwards in the Los Angeles area, but she could not find any work.

The credibility of the claimant's allegations regarding the severity of her symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record. The medical evidence indicates the claimant received routine conservative treatment for complaints of knee and back pain. The lack of more aggressive treatment or surgical intervention suggests the claimant's symptoms and limitations were not as severe as she alleged. The positive objective clinical and diagnostic findings since the alleged onset date detailed below do not support more restrictive functional limitations than those assessed herein.

(Id. at 28.)

Plaintiff contends that the ALJ failed to articulate clear and convincing reasons for rejecting her testimony of pain and limitation. First, it appears the ALJ discounted Plaintiff's credibility because she did not allege any side effects from her medications. (Id. at 28.) While this is generally a proper reason to discount a claimant's credibility, Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on the lack of side effects from prescribed medication to reject pain testimony), the Court does not find it to be a clear and convincing reason to reject Plaintiff's testimony where, as here, she testified

that her medication only relieves her pain "a li[tt]l[e]" and she did not assert that any side effects from medication prevent her from working.

Next, the ALJ also discounted Plaintiff's credibility on the basis that there is evidence she stopped working for reasons unrelated to her allegedly disabling impairments. Plaintiff testified that she stopped working in August 2007 because her mother, whom she was caring for as an in-home support worker, passed away. (Id. at 65-66.) Also in August 2007, Plaintiff was fired from her position at McDonald's. (Id. at 66-67, 142.) She testified that she moved to Los Angeles shortly thereafter, but was unable to find work after the move. (Id. at 67.) Given that more than sixteen months elapsed between August 2007 and Plaintiff's alleged disability onset date of January 2, 2009 (id. at 126), the Court does not find that the reasons she stopped working in August 2007 convincingly detract from her assertion that she became unable to work as a result of her impairments in January 2009. See McGowan v. Astrue, no. C12-281-TSZ-BAT, 2012 WL 5390337, at *5 (W.D. Wash. Oct. 17, 2012) (finding that "the reasons [plaintiff] left her 2006 job was [sic] not a proper basis to discount her credibility" because the job "ended long before her alleged [disability] onset"); Shehan v. Astrue, No. EDCV 08-01302 (MLG), 2009 WL 2524573, at *3 (C.D. Cal. Aug. 17, 2009) (noting that "the record here does not support the inference that Plaintiff sought disability benefits simply because she was laid off from work," because "[a]lthough Plaintiff admitted that she stopped working in her previous two positions for reasons unrelated to her alleged impairments, both jobs ended long before her alleged onset date of August 2005").

The Ninth Circuit has held, however, that if one or more of the ALJ's reasons is invalid, the question is whether the ALJ's decision remains legally valid, despite such error. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (even if one or more of the ALJ's reasons for discrediting testimony is

found invalid, the ALJ's decision must still be upheld if he also provided valid reasons supported by the record that constitutes substantial evidence).

In this case, the absence of allegations of side effects and the evidence that Plaintiff may have stopped working for reasons other than her impairments were not the only grounds given by the ALJ for discounting Plaintiff's credibility. The ALJ also found that Plaintiff received only routine, conservative treatment for her knee and back pain, explaining that she was treated with Toradol, Ultram, Tylenol #3, and Motrin, and never had surgery scheduled on her knee. (AR at 28.) Further, the Court notes that other than an orthopedic evaluation that was performed at the request of the state agency, Plaintiff was never seen or treated by an orthopedist. The ALJ accurately summarized the medical evidence of Plaintiff's treatment, and conservative treatment is a proper reason to reject a claimant's allegations of disabling impairments. Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); see Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed). Thus, the Court finds this reason for discounting Plaintiff's credibility was clear and convincing.

In addition, the ALJ found that Plaintiff's testimony concerning the extent of her limitations was inconsistent with the objective medical evidence, including her clinical and diagnostic findings. (AR at 28.) Of course, an ALJ "may not reject a claimant's subjective complaints based *solely* on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell, 947 F.2d at 345 (emphasis added). However, such a factor remains relevant. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d

595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record). The ALJ's conclusion is supported by substantial evidence. The record supports Plaintiff's history of problems with her left knee (AR at 183, 189-90, 192-93, 196-200, 242-44, 255), but there is no evidence that they limited her ability to perform sedentary work, the type of work the ALJ found she could do. Further, with respect to Plaintiff's lower back, the record contains only two complaints by Plaintiff of pain in that area (id. at 252, 255), and only one exam of her lower back, which reflected that her muscle strength was normal and sensation intact, despite complaints of pain to palpation over the lumbar paraspinal muscles on each side (id. at 207). Finally, the physician opinions in the record ranged from finding that Plaintiff could perform medium work to finding that she could perform sedentary work (id. at 209, 212-18, 285-86), and the ALJ assigned Plaintiff an RFC for sedentary work – consistent with the most restrictive physician opinion. Because the ALJ did not rely solely on the lack of medical evidence supporting Plaintiff's complaints to reject her credibility, this too was a clear and convincing reason.

Based on the foregoing, the Court finds that the ALJ's credibility finding, wherein he found Plaintiff partially credible, was supported by substantial evidence, and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.**

8

1

**ORDER**

2
Based on the foregoing, IT IS THEREFORE ORDERED, that judgment

3
be entered affirming the decision of the Commissioner of Social Security and

4
dismissing this action with prejudice.

5

6
Dated: October 22, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9